# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |
|---|---|
| **CANDICE O'CONNELL,** | |
|     **Plaintiff,** | |
| **v.** | |
| **CITY OF JACKSONVILLE, BAPTIST HEALTH SYSTEM, INC., SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC. MEGAN GRIFFITH RN, and LAUREN HAND, MD,** | **3:24-cv-00419-CRK-MCR** |
|     **Defendants.** | |

## INTRODUCTION

Before the court are the motions for summary judgment filed by Defendant Megan Griffith ("Griffith") and Defendant Southern Baptist Hospital of Florida, Inc. ("Baptist") (collectively "Defendants") on Plaintiff Candice O'Connell's ("Plaintiff") claims for (1) Baptist's breach of fiduciary duty owed to Plaintiff; (2) Griffith's breach of fiduciary duty owed to Plaintiff; and (3) Baptist's vicarious liability for Griffith's breach of fiduciary duty.  Defs. Mot. for Summ. J., Sept. 12, 2025, ECF No. 67 ("Defs. Mot.").  Also before the court is Plaintiff and Defendants' joint memorandum requesting the court to decline exercising its supplemental jurisdiction over the remaining state law claims.  Memo. on Supplemental Jurisdiction, Feb. 11, 2026, ECF No. 87 ("Joint Memo").

**OPINION AND ORDER - 1**

3:24-cv-00419-CRK-MCR

## PROCEDURAL BACKGROUND

Plaintiff filed her fourth amended complaint on August 6, 2025.  In addition to her claims against Baptist and Griffith, Plaintiff asserted claims against Defendant City of Jacksonville ("COJ") for: (1) violation of her rights under the Americans with Disabilities Act, as amended by the Disability Act Amendments Act ("ADA"), 42 U.S.C. § 1211; (2) violation of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; (3) violation of her rights under the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01; and (4) violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601.  See Fourth Amended Complaint at ¶¶ 1–4, August 6, 2025, ECF No. 49 ("Compl.").  Plaintiff also asserted claims against Griffith for breach of fiduciary duty, and against Baptist for breach of fiduciary duty and for vicarious liability based on Griffith's alleged breach.  See Compl. at ¶¶ 5, 6.

On September 4, 2025, Plaintiff filed a notice of settlement, stating that Plaintiff and COJ had reached a settlement agreement contingent on approval by the Jacksonville City Council.  Notice Of Settlement with Defendant COJ, Sept. 4, 2025, ECF No. 55 ("Notice of Settlement").  The Notice of Settlement requested that, upon dismissal of the claims against COJ, either party to the settlement have ninety days from the dismissal to move to re-open the case for either (i) dismissal of Plaintiff's claims against COJ with prejudice, or (ii) further proceedings should the Jacksonville City Council fail to approve the settlement.  See Notice of Settlement.  On December 4, 2025, the court ordered the parties to file a joint status report regarding the settlement's status.  See Order on Notice of Settlement, Dec. 4, 2025, ECF No. 80.  On December 8, 2025, the parties filed a joint status report advising that the Jacksonville

**OPINION AND ORDER - 2**

**3:24-cv-00419-CRK-MCR**

City Council approved the settlement, and requested that the court dismiss Plaintiff's claims against COJ but retain jurisdiction over the action until the settlement consideration was tendered, no later than January 23, 2026. See Joint Status Report, Dec. 8, 2025, ECF No. 81.

On December 10, 2025, the court dismissed Plaintiff's claims against COJ without prejudice under M.D. Fla. Local Rule 3.09(b). See Order on Dismissal and Supplemental Briefing, Dec. 10, 2025, ECF No. 83 ("Order on Dismissal"). The Order on Dismissal allowed either party to move for (1) a stipulated final order dismissing Plaintiff's claims against COJ with prejudice, or (2) further proceedings. See id. The court also ordered the parties to submit briefing regarding whether the court should retain supplemental jurisdiction over Plaintiff's remaining state law claims against Griffith and Baptist. See id. On February 9, 2026, Plaintiff and COJ filed a joint stipulation of partial dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), voluntarily dismissing all claims against COJ. Joint Stip. of Partial Dismissal With Prejudice, Feb. 9, 2026, ECF No. 86 ("Stipulation"). On February 11, 2026, the remaining parties, Plaintiff, Baptist, and Griffith, filed a joint memorandum requesting that the court decline to exercise supplemental jurisdiction over the remaining state law claims. See Joint Memo.

## VOLUNTARY DISMISSAL

The Stipulation is not signed by "all parties who have appeared" in this lawsuit and is therefore ineffective under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure (Rule(s)). See City of Jacksonville v. Jacksonville Hosp. Holdings, L.P., 82 F.4th 1031, 1034 (11th Cir. 2023); see also Sanchez v. Disc. Rock & Sand, Inc., 84

**OPINION AND ORDER - 3**

**3:24-cv-00419-CRK-MCR**

F.4th 1283, 1291-92 (11th Cir. 2023). Because it fails to meet the requirements of a voluntary dismissal under Rule 41(a)(1)(A)(ii), the Court construes the Stipulation as a request by Plaintiff for dismissal pursuant to Rule 41(a)(2), which Defendant COJ joins in presenting. See Sanchez, 84 F.4th at 1292; see also Plains Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 253 (5th Cir. 1973) ("[w]here notice of dismissal under Rule 41(a)(1) fails, the notice may be considered a motion under Rule 41(a)(2) and the court may order the dismissal.") Because all parties who have appeared, including Defendants Baptist and Griffith who did not sign the Stipulation, have already received adequate notice of the settlement and the proposed dismissal and have not objected, the court dismisses all claims against Defendant COJ under Rule 41(a)(2), as requested in the Stipulation.

## JURISDICTION

Plaintiff, Baptist, and Griffith jointly request that the court exercise its discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over Plaintiff's remaining state law claims. Joint Memo at 2. Following settlement and the subsequent voluntary dismissal of the federal claims against COJ, the only remaining claims are Florida law claims for direct and vicarious breach of fiduciary duty against Baptist and Griffith. Because all claims over which the court exercised original subject matter jurisdiction have been dismissed, the court declines to retain supplemental jurisdiction over the remaining state law claims.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The court may exercise supplemental jurisdiction "over all claims that are so related to

**OPINION AND ORDER - 4**

**3:24-cv-00419-CRK-MCR**

the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Where the court dismisses all claims over which it has original jurisdiction, and all that remains are supplemental state law claims, the court has the discretion to retain or dismiss the supplemental claims. 28 U.S.C. § 1367(c)(3). Indeed, dismissal of supplemental state law claims is "strongly encouraged" where the original federal claims are dismissed before trial. Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997) (affirming dismissal of state law claims without prejudice because they were "best resolved" by state courts) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Where § 1367(c)(3) applies, courts must consider the "judicial economy, convenience, fairness and comity" of dismissing supplemental state claims. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1567 (11th Cir. 1994) (citing Gibbs, 383 U.S. 715 726–27 (1966)). A federal court should avoid deciding state law issues where it does not need to "both as a matter of comity and to promote justice between the parties." Gibbs, 383 U.S. at 726. State courts, not federal courts, are the appropriate final arbiters of state law. See Baggett, 117 F.3d at 1353.

Here, the factors of judicial economy, convenience, fairness, and comity weigh in favor of declining supplemental jurisdiction and allowing the parties to pursue the remaining state law claims in state court. This court has not ruled on the merits of Plaintiff's state law claims or issued substantive orders that would be duplicated in state court proceedings. Further, the parties agree that dismissal will not inconvenience the parties and will not be unfair because dismissal will not jeopardize

**OPINION AND ORDER - 5**

**3:24-cv-00419-CRK-MCR**

the state claims' timeliness.[1] <u>See</u> Joint Memo. at 3–4.  Finally, comity favors allowing Florida courts to resolve claims that turn on Florida law.  See <u>Rowe v. City of Fort Lauderdale</u>, 279 F.3d 1271, 1288 (11th Cir. 2002) (noting comity is served "when issues of state law are resolved by state courts").  Resolution of Plaintiff's state law claims for breach of fiduciary duty and vicarious breach of fiduciary duty is wholly dependent upon interpretation and application of Florida state law.  <u>See, e.g.,</u> <u>Gracey v. Eaker</u>, 837 So.2d 348, 354–55 (Fla. 2002) (recognizing breach of fiduciary duty as actionable under Florida law).  The remaining claims are therefore better adjudicated by a Florida state court, which has a "surer-footed reading of the applicable law." <u>Stalley</u>, 586 F. Supp. 3d at 1250 (quoting <u>Gibbs</u>, 383 U.S. at 726).  Accordingly, the court declines to exercise jurisdiction over Plaintiff's remaining Florida state law claims of direct and vicarious liability for breach of fiduciary duty.

## CONCLUSION

Because Plaintiff voluntarily dismissed the federal claims under Title VII, the ADA, and the FMLA, the remaining parties agree that the court should decline to exercise supplemental jurisdiction over the remaining state claims against Baptist and Griffith, and because the interests of judicial economy, fairness, and comity weigh in favor of declining supplemental jurisdiction, Plaintiff's remaining Florida

---

[1] Section 1367(d) "stops the clock" on the limitations period for supplemental claims while a federal action is pending.  <u>See</u> <u>Artis v. District of Columbia</u>, 583 U.S. 71, 75–83 (2018); 28 U.S.C. § 1367(d) ("[t]he period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").  The tolling provisions of 28 U.S.C. § 1367(d) protect Plaintiff's claims from being barred by the statute of limitations, should Plaintiff file the remaining claims in state court.  See <u>Jacobini v. KPMG LLP</u>, 314 F. Supp. 2d 1172, 1181 (M.D. Fla. 2004).

**OPINION AND ORDER - 6**

**3:24-cv-00419-CRK-MCR**

law claims against Baptist and Griffith for breach of fiduciary duty and vicarious liability are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, it is

**ORDERED** that Counts I–IX of the Fourth Amended Complaint, see ECF No. 49, are **DISMISSED** with prejudice in accordance with Plaintiff and COJ's Joint Notice of Voluntary Dismissal, see ECF No. 86; and it is

**ORDERED** that Counts X, XI, and XII of the Fourth Amended Complaint, see ECF No. 49, are **DISMISSED** without prejudice; and it is

**ORDERED** that pursuant to 28 U.S.C. § 1367(d), the limitations period for the claims asserted is tolled for a period of thirty days after the date of this Order.

The Clerk of Court is **DIRECTED** to terminate any pending motions and close the file.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated:       February 13, 2026
             New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER - 7**