## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| **CANDICE O'CONNELL,**<br><br>    **Plaintiff,**<br><br><br>**v.**<br><br>**CITY OF JACKSONVILLE, BAPTIST HEALTH SYSTEM, INC., SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC. MEGAN GRIFFITH RN, and LAUREN HAND, MD,**<br><br>    **Defendants.** | **3:24-cv-00419-CRK-MCR** |

### ORDER MAINTAINING SEAL

Before the court is Plaintiff Candice O'Connell's unopposed motion to maintain the seal of her unredacted Motion for Summary Judgment, ECF No. 67. See ECF No. 90. The court granted Plaintiff's Motion to Seal by Redaction, ECF No. 64, and ordered Plaintiff file an unredacted version of her Motion for Summary Judgment and exhibits on the docket, ordering that the documents would remain under seal until further order of the court. See ECF No. 64. On February 17, 2026, the court declined to exercise supplemental subject matter jurisdiction, dismissed the action,

ORDER - 1

**3:24-cv-00419-CRK-MCR**

and closed the case.[1]  See ECF Nos. 88, 89.  Plaintiff now moves for the court to permanently seal her unredacted Motion for Summary Judgment, ECF No. 67 and exhibits.  See ECF No. 90.  For the following reasons, Plaintiff's motion is granted, and the documents shall be permanently sealed.

Pursuant to the Middle District of Florida Local Rules, a seal expires ninety days after a case is closed.  M.D. Fla. R. 1.11(e).  A party must move for relief before the seal expires "to prevent the content of a sealed item from appearing on the docket after the seal expires."  M.D. Fla. R. 1.11(e).  The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents.  See Chicago Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001).  However, the public's right may be overcome by a showing of good cause, which requires a court balance the public's right of access against the moving party's interest in maintaining confidentiality.  See Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007).  Courts in the Middle District of Florida generally find that parties have a right of privacy in their medical information which is sufficient to satisfy the good cause requirement and outweighs the public's interest in learning the information.  See, e.g., Pena v. Marcus, No. 6:15-CV-69-ORL-18TBS, 2016 WL 10891560 at *2 (M.D. Fla. 2016); Piper v. Speedy Wheels Transport, LLC,

---

[1]  Where an action has been dismissed for lack of jurisdiction, a federal district court may nonetheless consider collateral issues.  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) (discussing a district court's ability to award costs, attorney's fees, issue sanctions, or make an adjudication of contempt even after the case has been dismissed for lack of jurisdiction).

**ORDER - 2**

**3:24-cv-00419-CRK-MCR**

No. 6:24-cv-647-AGM-LHP, 2026 WL 450805 at *2 (M.D. Fla. 2026); <u>Payrow v.</u> <u>Chronister</u>, No. 8:22-cv-520-TPB-JSS, 2023 WL 7109667 at *1 (M.D. Fla. 2023).

Here, Plaintiff seeks the court continue to seal her unredacted Motion for Summary Judgment.   When Plaintiff sought seal of the documents in the first instance, <u>see</u> ECF No. 61, Magistrate Judge Monte C. Richardson found she had sufficiently shown good cause to seal her unredacted Motion, which contained sensitive health and medical information, so long as Plaintiff also filed a redacted Motion on the docket that did not contain her sensitive health information. <u>See</u> ECF No. 64.   Plaintiff filed both a redacted and unredacted version of her Motion for Summary Judgment. <u>See</u> ECF Nos. 66, 67.   Upon dismissal, the case was closed on February 17, 2026, and pursuant to Rule 1.11(e), the seal will expire on May 17, 2026. <u>See</u> M.D. Fla. R. 1.11(e) (a seal expires ninety-days after a case is closed).   Because Plaintiff's unredacted Motion for Summary Judgment continues to contain sensitive health and medical information, and because a public, redacted version of the Motion for Summary Judgment is on the docket, <u>see</u> ECF No. 66, Plaintiff has shown sufficient good cause to seal the unredacted Motion for Summary Judgment permanently.

Upon consideration of Plaintiff's motion, good cause having been shown, and lack of Defendants' opposition, it is

**ORDERED** that Plaintiff's motion is **GRANTED**; and it is further

**ORDER - 3**

**3:24-cv-00419-CRK-MCR**

**ORDERED** that Plaintiff's unredacted Motion for Summary Judgment and attached exhibits, ECF No. 67, shall remain under seal unless otherwise ordered by the court.

<u>/s/ Claire R. Kelly</u>
Claire R. Kelly, Judge*

Dated:  April 7, 2026
New York, New York

---

\* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**ORDER - 4**